## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KIMBERLY TRUJILLO,

       Plaintiff,

vs.                                                           No. CIV 07-1077 JB/RLP

JOSEPH REYNOLDS, MICHAEL SCHRUM,
DENISE MONETTE, FLYING CHILI PEPPERS
BALLOON COMPANY, LLC., a New Mexico Corporation,
BUENO FOODS, INC., a New Mexico Corporation,
and JOHN DOE CORPORATION,

       Defendants.

## <u>FIRST AMENDED MEMORANDUM OPINION AND ORDER</u>[1]

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Remand, filed November 24, 2007 (Doc. 3). The primary issue is whether the First Amended Complaint, which states a single claim for common-law negligence, but also references federal regulations pertaining to hot-air ballooning, sets forth a state-law claim that necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. While the face of Plaintiff Kimberly Trujillo's First Amended Complaint raises a federal issue, the Defendants do not show, in their Notice of Removal or in their briefing, that the federal issue is actually disputed or substantial, and therefore have not met their burden of showing that the federal court has jurisdiction over this state-law claim for negligence. The Court will thus grant Trujillo's motion to remand.

---

[1]The Court issues this First Amended Memorandum Opinion and Order to indicate that this case will be remanded to the First Judicial District Court, County of Rio Arriba, State of New Mexico and not the Second Judicial District Court, County of Bernalillo, State of New Mexico, as indicated in the prior opinion.

**FACTUAL BACKGROUND**

This case involves a hot-air balloon accident that occurred during the initial mass ascension of the 2004 International Balloon Fiesta in Albuquerque, New Mexico.  See First Amended Complaint to Recover Damages for Personal Injuries ¶ 9, at 2-3, filed October 12, 2007 ("First Amended Complaint").  On October 2, 2004, Trujillo attended the Balloon Fiesta, and during the event, Defendant Joseph Reynolds invited Trujillo for a ride in his hot-air balloon.  See id.  During the flight, the balloon piloted by Reynolds collided with a balloon that Defendant Michael Schrum was piloting, causing the balloon in which Trujillo was riding to rapidly descend and crash.  See id. ¶ 13, at 4.  Trujillo was injured when the balloon hit the ground. See id. ¶ 15, at 5.

**PROCEDURAL BACKGROUND**

Trujillo pleads only one cause of action in her First Amended Complaint: negligence under the New Mexico common law.  See id. ¶ 13, at 4.  Trujillo refers, however, to federal regulations concerning hot air balloons.  Specifically, the First Amended Complaint alleges that Reynolds, "at all material times hereto was, a hot air balloon pilot certified under 14 C.F.R., part 61, §§ 101-127." First Amended Complaint ¶ 9, at 3.  The First Amended Complaint also alleges:

> The Defendants Bueno, Schrum, Monette and Flying Chili Peppers Balloon suddenly ascended past the Defendant Reynolds balloon contrary to the rules and regulations contained in Title 14 of the Code of Federal Regulations (14 C.F.R.) and the standards set forth in the Balloon Flying Handbook, published by the U.S. Department of Transportation, Federal Aviation Administration, publication no. FHA-H-8083-11.

First Amended Complaint ¶ 11, at 3.  Finally, the First Amended Complaint further contends: "The Defendants Bueno, Schrum, Monette, and Flying Chili Peppers Balloon, through the negligent acts of its pilot Defendant Schrum, thereafter negligently caused the balloon to rapidly descend contrary to the aforementioned rules, regulations and standards."  First Amended Complaint ¶ 13, at 4.

Schrum, Monette, and Flying Chili Peppers Balloon Company, LLC removed the case to federal court because the case involves an aviation accident.  See Notice of Removal to the United States District Court for the District of New Mexico at 2, filed October 26, 2007 (Doc. 1)("Notice of Removal").  The Defendants contend that this case falls within the federal court's jurisdiction because of federal regulations and standards.  See id. at 1-2.

In her motion to remand, Trujillo moves the Court for an order remanding her case to state court.  See Motion to Remand, filed November 24, 2007 (Doc. 3)("Motion to Remand").  On December 10, 2007, Schrum, Monette, and Flying Chili Peppers filed a response to the motion to remand.  See Response to Motion to Remand, filed December 10, 2007 (Doc. 5).  Pursuant to rule 10(c) of the Federal Rules of Civil Procedure, Reynolds, in his response to the motion to remand, adopts Schrum, Monette, and Flying Chili Peppers' response.  See Response to Motion to Remand, at 1, filed 10, 2007 (Doc. 6)("Reynold's Response to Motion to Remand").  On December 24, 2007, Trujillo filed her reply, see Plaintiff's Reply Memorandum in Support of Motion to Remand (Doc. 7)("Plaintiff's Reply"), and on December 31, 2007, Trujillo filed a Notice of Completion of Briefing, see Notice of Completion of Briefing (Doc. 8)("Completion of Briefing"), stating that the briefing on her motion to remand had been completed.

## RELEVANT LAW REGARDING REMOVAL

Under 28 U.S.C. § 1441(b),

[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or law of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b). There is a presumption against removal jurisdiction. See Laughlin v. Kmart

Corp., 50 F.3d 871, 873 (10th Cir. 1995). Moreover, "[i]t is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [the federal courts'] constitutional role as limited tribunals." Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1094-95 (10th Cir. 2005). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. See Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. See Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001).

For removal to be proper, federal district courts must have "original jurisdiction" over the action sought to be removed. 28 U.S.C. § 1441(b). A federal district court has original jurisdiction if Article III's justiciability requirements are met, see Lee v. Am. Nat'l Ins. Co., 260 F.3d 997, 1002-1005 (9th Cir. 2001), cert. denied, 535 U.S. 928 (2002), and the case involves a federal question or diversity of citizenship, see Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). A court has diversity jurisdiction if there is complete diversity of citizenship between plaintiffs and defendants, and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332(a).

"The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." Laughlin v. Kmart Corp. 50 F.3d at 873. "The burden is on the party requesting removal to set forth, in the notice of removal itself, the underlying facts supporting the assertion that the amount in controversy exceeds [$75,000.00]." Id. (internal quotations and citations omitted). When the plaintiff's damages are unspecified in the complaint, the defendant must affirmatively establish the jurisdictional amount by at least a preponderance of the evidence. See Martin v. Franklin Capital Corp., 251 F.3d at 1290.

-4-

In determining whether the amount in controversy exceeds $75,000.00, a court may aggregate actual damages, punitive damages, attorney's fees, and statutorily imposed penalties. See Woodmen of World Life Ins. Soc'y v. Manganaro, 342 F.3d 1213, 1217-18 (10th Cir. 2003). Costs and interest, however, are excluded. See 28 U.S.C. § 1332(a). Punitive damages may be considered if they are recoverable as a matter of governing substantive law and the plaintiff presents some factual evidence of entitlement to punitive damages. See Larkin v. Brown, 41 F.3d 387, 388-89 (8th Cir. 1994); Klepper v. First American Bank, 916 F.2d 337, 341 (6th Cir. 1990); J.W. Petroleum, Inc. v. Lange, 787 F. Supp. 975, 976 (D. Kan. 1992). Attorney's fees may be considered if a contract provides for them or if a statute mandates or allows their payment. See Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998); Building Erection Serv. Co. v. Ceco Corp., 760 F. Supp. 188, 189 (D. Kan. 1991). Statutorily imposed penalties and damages may also be considered in assessing whether the amount-in-controversy threshold has been met. See St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998).

To remove a civil action, the defendant must also follow certain statutory procedures. See 28 U.S.C. § 1446. Because removal is entirely a statutory right, the relevant procedures to effect removal must be followed. See Lewis v. Rego Co., 757 F.2d 66, 68 (3rd Cir. 1985). Pursuant to 28 U.S.C. § 1446(a),

> [a] defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). 28 U.S.C. § 1446(a) has been interpreted as requiring all defendants to join in a removal petition. See Lapides v. Bd. of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 620

(2002)(citing 28 U.S.C. § 1446(a) and <u>Chicago, R.I. & P.R. Co. v. Martin</u>, 178 U.S. 245, 248 (1900)); <u>Akin v. Ashland Chem. Co.</u>, 156 F.3d 1030, 1034-35 (10th Cir. 1998); <u>Cornwall v. Robinson</u>, 654 F.2d 685, 686 (10th Cir. 1981)("A co-defendant . . . did not join in the petition for removal and the petition was thus procedurally defective."); J. Moore, <u>Moore's Federal Practice</u> § 107.11[1][c], at 107-36-37 (3d ed. 2006)("Because the right of removal is jointly held by all the defendants, the failure of one defendant to join in the notice precludes removal. This rule requires that there be some timely written indication from each served defendant . . . that the defendant has actually consented to removal.").

     With respect to third-party defendants, courts take various views on whether they may remove cases. <u>See</u> <u>NCO Fin. Sys., Inc. v. Yari</u>, 422 F. Supp. 2d 1237, 1239 (D. Col. 2006)(citing <u>Monmouth-Ocean Collection Serv., Inc. v. Klor</u>, 46 F. Supp. 2d 385 (D.N.J. 1999)). 28 U.S.C. § 1441(a) permits the removal of a civil action of which the district courts of the United States have original jurisdiction "by the defendant or the defendants." <u>Id.</u> The majority view is that third-party defendants are not "defendants" within the meaning of § 1441(a). <u>See</u> <u>First Nat. Bank of Pulaski v. Curry</u>, 301 F.3d 456, 461-62 (6th Cir. 2002); J. Moore, <u>supra</u> § 107.11[1][b][iv], at 107-34-35 ("[T]hird-party defendants are not defendants within the meaning of the removal statute."). Other justifications for opposing third-party defendant removal are that it would force a plaintiff to litigate in a federal court that he did not choose and to which his adversary originally could not have removed, and that allowing removal would expand jurisdiction of federal courts in contravention of the strictly construed statutory limits on the right to removal. <u>See</u> <u>NCO Fin. Sys. Inc. v. Yari</u>, 422 F. Supp. 2d at 1239. Proponents of third-party removal, however, assert that the term "defendant" under § 1441(a) does not necessarily exclude third-party defendants, who, like other defendants,

have been brought into court involuntarily and may have an interest in having a federal forum. See
id.

## LAW REGARDING REMAND

28 U.S.C. § 1447 governs remand after removal. Section 1447(c) states:

A motion to remand the case on the basis of any defect other than lack of subject
matter jurisdiction must be made within 30 days after the filing of the notice of
removal under section 1446(a). If at any time before final judgment it appears that
the district court lacks subject matter jurisdiction, the case shall be remanded. An
order remanding the case may require payment of just costs and any actual expenses,
including attorney fees, incurred as a result of the removal. A certified copy of the
order of remand shall be mailed by the clerk to the clerk of the State court. The State
may thereupon proceed with such case.

28 U.S.C. § 1447(c). See Miller v. Lambeth, 443 F.3d 757, 759 (10th Cir. 2006)("The statutory

provision[] governing remands of cases removed to federal court [is] 28 U.S.C. § 1447(c). . . .");

RMP Consulting Group, Inc. v. Datronic Rental Corp., No. 98-5062, 1999 WL 617690, at *4 (10th

Cir. 1999)(applying 28 U.S.C. § 1447(c)).

## LAW REGARDING FEDERAL QUESTION JURISDICTION

A federal district court has "original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction

exists when "a federal question is presented on the face of the plaintiff's properly pleaded

complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)(citing Gully v. First Nat'l Bank,

299 U.S. at 112-113). As "the master of the claim," the plaintiff may choose to sue in state court

rather than in federal court "by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482

U.S. at 392.

### 1.    Well-Pleaded Complaint Rule.

The defendant may not try to sneak in a federal question through the back door by raising

a federal defense, for "it is now settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Id. at 393 (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 12 (1983)). See Nicodemus v. Union Pac. Corp., 318 F.3d 1231, 1236 (10th Cir. 2003)("It is well settled that '[a] defense that raises a federal question is inadequate to confer federal jurisdiction.'")(quoting Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986)). While a plaintiff is free to plead a federal question in his complaint, "a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." Caterpillar, Inc. v. Williams, 482 U.S. at 399. Even the plaintiff can only go so far in attempting to invoke federal question jurisdiction, because "[a]ny statements in the complaint which go beyond a statement of the plaintiff's claim and anticipate or reply to a probable defense are to be disregarded" in deciding whether federal question jurisdiction exists.  Mescalero Apache Tribe v. Martinez, 519 F.2d 479, 481 (10th Cir. 1975).

    In addition to the requirement that the federal question appear on the face of the complaint, "plaintiff's cause of action must either be [i] created by federal law, or [ii] if it is a state-created cause of action, 'its resolution must necessarily turn on a substantial question of federal law.'" Nicodemus v. Union Pac. Corp., 318 F.3d at 1235 (quoting Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. at 808). As for the second method, beyond the requirement of a substantial question of federal law at the heart of the case, the federal question must also be "contested." Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. at 313. Finally, the exercise of federal

question jurisdiction must also be "consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." Id.  In particular, the Court must determine whether recognition of federal question jurisdiction will federalize a "garden variety" state law claim that will overwhelm the judiciary with cases traditionally heard in state courts. Id. at 318-19, (teaching that "there must always be an assessment of any disruptive portent in exercising federal jurisdiction" in accepting "garden variety" state law claims).  See also David L. Hanselman, Supreme Court Federal Removal Jurisdiction, For the Defense at 25, 65, September 2005 ("The most important consideration is whether removal would federalize a garden-variety tort, contract, or fraud claim, or whether there is some uniquely federal aspect of the case that, if removed, could be adjudicated in federal court without subjecting the federal courts to a flood of original filings or removals.").

The Supreme Court of the United States has underscored that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. at 813.  Indeed, the Supreme Court has "forcefully reiterated" that district courts must exercise "prudence and restraint" when determining whether a state cause of action presents a federal question because "determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system." Id. at 810; Morris v. City of Hobart, 39 F.3d 1105, 1111 (10th Cir. 1994).

Under the well-pleaded complaint rule, the federal question giving rise to jurisdiction must appear on the face of the complaint.  See Karnes v. Boeing Co., 335 F.3d 1189, 1192 (10th Cir. 2003).  This rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392

(1987).  See Schmeling v. NORDAM, 97 F.3d 1336, 1339 (10th Cir. 1996).

Where a federal question appears on the face of a well-pleaded complaint, federal jurisdiction is not automatic.  Federal jurisdiction requires not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum.  See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005).  The federal issue will qualify for a federal forum if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331.  See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. at 313-14.

### 2.   **Jurisdiction Where Relief Requires Resolution of Federal Issue.**

A plaintiff, however, may not circumvent federal jurisdiction by omitting federal issues that are essential to his or her claim.  See Schmeling v. NORDAM, 97 F.3d at 1345 n.2.  "A case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"  Morris v. City of Hobart, 39 F.3d 1105, 1111 (10th Cir. 1994)(quoting Franchise Tax Board v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)).  Thus, even though a plaintiff asserts only claims under state law, federal-question jurisdiction may be appropriate if the state-law claims implicate significant federal issues.  See Nicodemus v. Union Pacific Corp., 440 F.3d 1227, 1232 (10th Cir. 2006).

### 3.   **Substantial and Disputed Federal Question.**

Jurisdiction requires more than just a federal question, however: "It is by now axiomatic that 'federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a

serious federal interest in claiming the advantages thought to be inherent in a federal forum.'"
Nicodemus v. Union Pac. Corp., 440 F.3d at 1232 (quoting Grable & Sons Metal Prods., Inc. v.
Darue Eng'g & Mfg., 545 U.S. at 313).

      In Merrell Dow Pharmaceutical Inc. v. Thompson, the Supreme Court considered a state-tort
claim resting, in part, on the allegation that the defendant drug company had violated a federal
misbranding prohibition, and was thus presumptively negligent. See 478 U.S. at 805. The Supreme
Court, after examining the strength of the federal interest at stake and the implications of opening
the federal forum, held that federal jurisdiction was unavailable in that case.  See id. at 815-17.
Congress had not provided a private federal cause of action for violation of the federal branding
requirement, and the Supreme Court found "it would . . . flout, or at least undermine, congressional
intent to conclude that federal courts might nevertheless exercise federal-question jurisdiction and
provide remedies for violation of that federal statute solely because the violation . . . is said to be a
. . . proximate cause under state law."  Id. at 812 (internal quotations omitted).

      In Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, the Supreme
Court stated that the question is whether the "state-law claim necessarily raise[s] a stated federal
issue, actually disputed and substantial, which a federal forum may entertain without disturbing any
congressionally approved balance of federal and state judicial responsibilities."  545 U.S. at 314.
Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing involved a disputed
question of federal income tax under the Internal Revenue Code.  The Supreme Court found that
federal-question jurisdiction was proper.

      In Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546 (2005), the Supreme Court
held that the supplemental jurisdiction statute, 28 U.S.C. § 1367, abrogated the long-standing rule

of <u>Zahn v. International Paper Co.</u>  414 U.S. 291 (1973), that, in a diversity-only class action--such

as an indirect purchaser class action brought under state antitrust laws -- each class member must

individually satisfy the amount-in-controversy requirement of the diversity jurisdiction statute.  <u>See</u>

<u>Exxon Mobil Corp. v. Allapattah Servs, Inc.</u>, 545 U.S. at 558-59.  The Court held that so long as the

other elements of diversity jurisdiction are present and at least one named plaintiff has claims

sufficient to meet the required jurisdictional amount, § 1367 authorizes the exercise of supplemental

jurisdiction over the related claims of additional plaintiffs -- including named and unnamed class

members -- even if those claims do not independently satisfy the jurisdictional minimum.  <u>See</u> <u>id.</u>

at 559.

    In <u>Nicodemus v. Union Pacific Corp.</u>, 440 F.3d 1227 (10th Cir. 2006)("<u>Nicodemus II</u>"),[2] the

United States Court of Appeals for the Tenth Circuit considered federal-question jurisdiction in light

of the two recent cases that the Supreme Court has decided -- <u>Grable & Sons Metal Products, Inc.</u>

<u>v. Darue Engineering & Manufacturing</u> and <u>Exxon Mobil Corp. v. Allapattah Services., Inc.</u>  <u>See</u>

<u>Nicodemus v. Union Pac. Corp.</u>, 440 F.3d at 1230.  <u>Nicodemus v. Union Pacific Corp.</u> concerned

a railroad's use of a right of way and a contested interpretation of the federal land-grant statutes.

<u>See</u> 440 F.3d at 1233-34.  Revisiting the decision in <u>Nicodemus v. Union Pacific Corp.</u>, 318 F.3d

1231 (10th Cir. 2003)("Nicodemus I"), the Tenth Circuit followed a three-prong analysis under

<u>Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing</u>.  <u>See</u>  <u>Nicodemus v.</u>

<u>Union Pac. Corp.</u>, 440 F.3d at 1233.  First, it determined that there was a federal question that was

_____

    [2]<u>Nicodemus v. Union Pacific Corp.</u> 204 F.R.D. 479 (2001), was affirmed by <u>Nicodemus v.</u>
<u>Union Pacific Corp.</u>, 318 F.3d 1231 (10th Cir. 2003)("<u>Nicodemus I</u>").  <u>Nicodemus v. Union Pacific</u>
<u>Corp.</u>, 440 F.3d 1227 (10th Cir. 2006)("<u>Nicodemus II</u>"), reversed <u>Nicodemus v. Union Pacific Corp.</u>
204 F.R.D. 479, and reinstated in part <u>Nicodemus v. Union Pacific Corp.</u>, 318 F.3d 1231.

actually disputed. See id. at 1235-36.  Second, the Nicodemus II Court looked at whether the federal

question was substantial.  See id. at 1236.  That determination turned on three potential factors: (i)

whether the issue was insubstantial or frivolous; (ii) if precedent foreclosed the issue; or (iii) the

issue is "so patently without merit as to require no meaningful consideration." Id. The Tenth Circuit

determined that, because the federal government held a reversionary interest in the land at issue in

the litigation, the issue was substantial.  See id. Third, the court looked at whether the decision

would disrupt "the sound division of labor between state and federal courts." Id. at 1237 (internal

quotations and citations omitted).  The Tenth Circuit ultimately found that it should exercise

jurisdiction because the case rested on the interpretation of the federal statutes. See id. at 1236-37.

## ANALYSIS

Trujillo seeks to have the Court remand this case to state court based on the lack of federal-

question jurisdiction.  There is, however, no basis for either original federal court or federal-question

jurisdiction.  Accordingly, the Court will enter an order granting Trujillo's motion to remand, and

remand this action to state court for further proceedings.

## I.     THERE IS A FEDERAL QUESTION ON THE FACE OF TRUJILLO'S FIRST AMENDED COMPLAINT.

The First Amended Complaint pleads violations of federal law as a basis for the claims. See

Complaint ¶¶ 9, 11, at 3.  Trujillo alleges that the Defendants have violated federal law on the face

of the First Amended Complaint, thus raising a federal question. See id.  Accordingly, the First

Amended Complaint raises federal questions on its face.

## II.    THE DEFENDANTS HAVE NOT SHOWN THAT THE FEDERAL QUESTION OR QUESTIONS ARE SUBSTANTIAL OR DISPUTED.

While the face of the First Amended Complaint, shows a federal question or questions, that

is not enough to establish federal court jurisdiction.  The Defendants have not pointed to a question of disputed federal law.  Moreover, the federal question or questions are not substantial.

### A.   FEDERAL LAW DOES NOT CREATE TRUJILLO'S NEGLIGENCE CAUSE OF ACTION.

Trujillo has pled a negligence claim under New Mexico's common-law.  <u>See</u> Complaint ¶¶ 13, 14, at 3-4.  Trujillo asserts that one or both of the balloon pilots were negligent and that their negligence caused her injuries.  The question, therefore, is whether one or both of the balloon pilots were negligent.

While Trujillo is using federal regulations to establish, or as evidence, of negligence, federal law does not create her cause of action.  Moreover, Trujillo's cause of action is not based, for the most part, on federal law, but is based on the pilot's negligence.  <u>See</u> Motion to Remand at 2. Trujillo is alleging that the Defendants were negligent, and the alleged violations of the federal regulations is only additional evidence that the Defendants were negligent.

Trujillo's right to relief does not necessarily depend on resolution of the question of federal law.  From what the Court can tell, it may be that Trujillo proves negligence under New Mexico law without showing that the Defendants violated the federal regulations.  It is not clear that the Court will ever have to resolve the federal question to determine negligence of the Defendants.

### B.   THE DEFENDANTS HAVE NOT SHOWN THAT THE FEDERAL QUESTION IS DISPUTED OR CONTESTED.

The Defendants contend that aviation, including the flight of hot air balloons, is an area that is heavily federally regulated.  <u>See</u> Response to Motion to Remand at 3.  The Defendants argue that the level of federal regulation in the area reflects a serious federal interest in the field of balloon aviation.  <u>See</u> <u>id.</u>  The Defendants assert that the complaint filed by Trujillo alleges a "contested

federal issue," <u>see</u> <u>id.</u> at 1, and that this case includes the issues of: (i) what are the federal standards for operation of hot air balloons in the circumstances presented by this case; and (ii) whether any of the Defendants violated any of those standards.  <u>See</u> <u>id.</u> at 3.

The Defendants' statements of disputed issues are largely conclusory rather than evidence that any of the federal issues are actually contested or that the Court is being asked to interpret federal law.  "Since federal courts are courts of limited jurisdiction, [the Court] presume[s] no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." <u>United States ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc.</u>, 190 F.3d 1156, 1160 (10th Cir. 1999)(citing <u>United States ex rel. Precision Co. v. Koch Indus., Inc.</u>, 971 F.2d 548, 551 (10th Cir.1992); <u>Penteco Corp. Ltd. Partnership v. Union Gas Sys. Inc.</u>, 929 F.2d 1519, 1521 (10th Cir.1991)). If jurisdiction is challenged, the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence.  <u>See</u> <u>Celli v. Shoell</u>, 40 F.3d 324, 327 (10th Cir.1994). Thus, the Defendants bear the burden of alleging "'the facts essential to show jurisdiction' and supporting those facts with competent proof." <u>United States ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc.</u>, 190 F.3d at 1160 (quoting <u>United States ex rel. Precision Co. v. Koch Indus., Inc.</u>, 971 F.2d at 551). "Mere conclusory allegations of jurisdiction are not enough."  <u>United States ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc.</u>, 190 F.3d at 1160 (internal citations and quotations omitted). <u>See</u>, <u>e.g.</u>, <u>Wenz v. Memery Crystal</u>, 55 F.3d 1503, 1508-1509 (10th Cir.1995) (concluding that the district court lacked jurisdiction where the plaintiff failed to support conclusory allegations of jurisdiction with particularized facts).

The Defendants have made no effort to show that the issue of what federal standards apply is contested.  There is nothing in the briefing or in the Notice of Removal that suggests that there

is a dispute about the applicable federal standards for hot-air balloons.  The Defendants merely state that there is an issue of what federal standards apply to the operation of hot-air balloons in this case. See id.  Without more than a conclusory statement that an issue is disputed, the Court cannot hold that the Defendants have shown that the federal issue is actually disputed. See United States ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc., 190 F.3d at 1160.

Additionally, while there may be a dispute whether the Defendants violated the federal regulations, the Defendants do not show that there is a substantial or contested issue about what regulations apply and that the Court will be required to interpret federal law.  A violation of a federal standard as an element of state tort recovery does not fundamentally change the state tort nature of the action.  See Merrell Dow v. Thompson, 478 U.S. at 814 (citing Moore v. Chesapeake & Ohio R. Co., 291 U.S. 205, 216-17 (1934)). Whether the Defendants violated the hot-air balloon federal regulations does not amount to a disputed federal issue.  Federal-question jurisdiction is appropriate when "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 13 (1986)(emphasis added).  The possibility that the Defendants violated the federal statutes does not appear to be a necessary element of Trujillo's negligence claim.  Thus, without a showing that there is a disputed issue about what regulations are applicable, the Court does not have subject-matter jurisdiction.

Furthermore, the Defendants cite no caselaw suggesting that, because the flight of hot-air balloons is heavily federally regulated, that fact alone should vest the Court with subject-matter jurisdiction.  Merrell Dow v. Thompson dealt with a drug that was misbranded in violation of the Federal Food, Drug and Cosmetic Act.  See 478 U.S. at 805-806. Although prescription drugs are

-16-

highly federally regulated, the Supreme Court held that the federal court did not have subject-matter jurisdiction over the case.  See id. at 804-805.  The federal regulation of drugs did not outweigh the other jurisdictional factors.  See id.  The Court, therefore, does not believe that the Defendants' statements are sufficient to demonstrate federal subject-matter jurisdiction.

While the Defendants list these two issues as questions to be decided, the Defendants do not, in their briefing, dispute the applicable federal law.  At least from the briefing, the federal law appears uncontested.  The Defendants thus have not shown that the federal issues in this case are contested or disputed.

### C.    THE FEDERAL ISSUES IN THE CASE ARE NOT SUBSTANTIAL.

Under Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, there must be a stated federal issue, actually disputed and substantial, to confer federal question jurisdiction.  See id. at 314-15.  The First Amended Complaint to Recover Damages for Personal Injuries does not raise a substantial federal issue.  See First Amended Complaint.

That both pilots should have been licensed and that there are federal regulations controlling the piloting of hot-air balloons does not convert a state-law negligence claim into a substantial federal question.  The federal regulations are not necessary to Trujillo's claim.  The questions will be whether the balloon pilots were negligent in operation of the balloons and whether that negligence caused Trujillo's injuries.  It may not be necessary for the Court to determine the federal question for it to find negligence.

In Merrell Dow Pharmaceuticals Inc. v. Thompson, there was a greater connection to federal law than in the present case.  See 478 U.S. 804. Nevertheless, the Supreme Court found that there was no federal jurisdiction. See id.  Here, Trujillo is alleging that the Defendants' negligence is the

proximate cause of her injuries. See Complaint ¶ 15, at 5.  The federal regulations to which Trujillo refers in her Complaint are only some evidence of negligence.  The case does not turn on a substantial question of federal law.

There is not a substantial federal question, because the Complaint does not "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. at 314 (2005).  There is no disputed question of federal income tax under the Internal Revenue Code or contested interpretation of the federal land-grant statute in this case as there was in Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing and Exxon Mobil Corp. v. Allapattah Services., Inc.  The issue in this case is negligence under state law.

The federal question or questions presented by the Complaint are not so substantial that they vest the Court with federal jurisdiction.  That Trujillo has alleged that one of the pilots was licensed under federal regulations and that the other pilot's actions were a violation of federal regulations does not create jurisdiction in this Court.  The federal issues may not have to be decided, and if they are decided, they may be no more than one set of evidence among other evidence.

In conclusion, the Complaint filed by Trujillo does not allege a substantial, contested federal issue.  A stated federal issue, actually disputed and substantial, does not exist.  Accordingly, the Court lacks original jurisdiction under 28 U.S.C. § 1331 over this state-law negligence claim.

**IT IS ORDERED** that the Motion to Remand is granted.  The case is remanded to the First Judicial District Court, County of Rio Arriba, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Scott F. Voorhees
Scott F. Voorhees, P.C.
Santa Fe, New Mexico

     Attorneys for the Plaintiff

John S. Stiff
Ann L. Keith
John S. Stiff & Associates, LLC
Albuquerque, New Mexico

     Attorneys for Defendant Joseph Reynolds

Jane A. Laflin
Butt Thornton & Baehr PC
Albuquerque, New Mexico

     Attorneys for Defendants Michael Schrum,
       Denise Monette, and Flying Chili Peppers
       Balloon Company, LLC

Terry R. Guebert
Lisa Bolle
Guebert Bruckner & Bootes, PC
Albuquerque, New Mexico

     Attorneys for Defendant Bueno Foods, Inc.